FRANKLIN COUNTY, JANUARY TERM, 1885.

[Continued from page 325, *ante.*]

SAMUEL CROWN *v.* LAWRENCE BRAINERD, ALDIS O. BRAINERD, SILAS G. HOLYOKE, E. A. SMITH, AND CHARLES WYMAN.

*Insolvent Trust Company, Liability of Directors for Loss, Enforceable only in Equity.*

1. An action at law will not lie in favor of a creditor of an insolvent trust company in the hands of a receiver against its directors, founded on a section of the charter which provides that they shall be liable for loss sustained through their unfaithfulness in the discharge of official duty. A suit in equity is the proper remedy.
2. *Buell* v. *Warner,* 33 Vt. 570, and *Bassett* v. *Hotel Co.* 47 Vt. 313, distinguished.

ACTION on the case against the directors of the St. Albans Trust Company. Heard by the court on demurrer to the declaration, September Term, 1884, ROYCE, Ch. J., presiding. Demurrer sustained *pro forma;* and declaration adjudged insufficient.

For the facts showing the condition of the St. Albans Trust Company, see *William G. Green & Wife* v. *The St. Albans Trust Co., ante,* 340; *Dewey* v. *Same, ante,* 332, and *Same* v. *Same,* 56 Vt. 476. The declaration averred, with other facts, that, under an act of the legislature, approved November 19, 1868, the subscribers to the capital stock, their successors and assigns, were duly constituted a corporation and body politic, by the name of the National Trust Company, "to be established in said town of St. Albans, with certain powers, privileges, duties, liabilities, and limitations in said act mentioned; and in and by said act of incorporation the said corporation, among other things, was authorized and empowered to receive moneys on deposit or in

trust; to accept and execute all such trusts of every description not inconsistent with the laws of the State of Vermont, as might be committed to them by any person or persons, whomsoever, or by any corporation, or by order of the Supreme Court or Probate Court, or other court of record of said State; and to accept deposits where public officers or municipal or private corporations are authorized or required by law to deposit money in bank; and providing also for the creation of a capital stock of $100,000; and declaring that all the business of said corporation should be managed by seven directors, to be (after the first election) annually elected in the manner therein provided, who should elect from their number a president, vice-president, and such other officers as they might deem necessary; and further providing, among other things, that when no special direction or agreement was made, by those making deposits or leaving trust property with said corporation, as to the character of the investment thereof to be made, such investments should be made by said corporation only in the purchase of certain stocks and bonds therein named, or in loans secured by some of said bonds, or by a first mortgage on unencumbered real estate in the State of Vermont, at one half its value exclusive of the buildings thereon, or secured by bank stock at two thirds its value; and further providing that no loan should be made directly or indirectly to any director, officer, or employe of said corporation.

"And further providing and enacting, among other things, in section seven of said act, that 'said directors shall be liable to the creditors and stockholders of said corporation for any loss which may be sustained in consequence of any incompetency, unfaithfulness, or remissness in the discharge of their official duties, hereinbefore or hereinafter [in said act] provided; and any number of said directors may be sued in the same action by any claimant under these provisions,' as by said act will more fully appear; and under said act the capital stock was duly subscribed for, and said corporation

was duly organized and established, to wit: on the 14th day of June, A. D. 1869, and continued doing business as such corporation until the 24th day of November, 1874, when, by another act of the legislature, entitled ' An Act to change the name of the National Trust Company,' approved at that date, it was enacted that said corporation should thereafter be known and called the St. Albans Trust Company, as by said last named act will appear; and said corporation kept up its organization and continued to do business at St. Albans aforesaid, until on or about the 7th day of August, A. D. 1883, when said corporation failed and was unable to pay its depositors, and thereafter, to wit: on the 23d day of August, 1883, a receiver was appointed in accordance with the statute in such cases made and provided.

" And the plaintiff avers that the defendants were, at the time of making the several deposits, hereafter set forth by the said plaintiff, in said trust company, and during all that time and for a long time thereafter continued to be directors of said St. Albans Trust Company, duly elected, qualified, and acting as such, to wit: at St. Albans aforesaid to wit: on the 7th day of August, A. D. 1883.

" And the plaintiff further avers, that on, to wit: the 1st day of July, A. D. 1883, and since that date, prior to the commencement of said suit, he deposited a large sum of money in said St. Albans Trust Company, to wit: the sum of $800, and then and there, to wit: on the 6th day of August, A. D. 1883, became and was a creditor of and depositor in said corporation to the amount of, to wit: $800.

" And the plaintiff further avers, that at the time of making said deposits as aforesaid, no special direction or agreement was made by him as to the character of the investment to be made, and it then and there became and was the duty of said directors of said corporation to invest the same in accordance with the provisions of said act of incorporation.

" And the plaintiff further avers, that on divers other days

and times, between the 1st day of January, 1874, and the 1st day of August, 1883, large sums of money have been deposited in said St. Albans Trust Company, and been accepted by the same in respect to which no special direction or agreement was made by the depositors as to the character of the investments, to wit: $1,000,000.

" And the plaintiff further avers, that the said defendants as such directors of the St. Albans Trust Company as aforesaid, to wit: on the 1st day of January, 1883, and during all the time they have held the office of directors as aforesaid, and acted as such, have been incompetent, unfaithful, and remiss in the discharge of their official duties prescribed by said act of incorporation, and have, during all that time, as·such directors as aforesaid, loaned and suffered to be loaned large sums of money so deposited in the St. Albans Trust Company as aforesaid, and in respect to which no special direction or agreement was made by the depositors as to the character of the investment to be made, to wit: the ' sum of $1,000,000, upon other and different securities from those mentioned in said act of incorporation and permitted by the amendment thereto; and have accepted and received as security for loans, bank stock, the value of which was less than two thirds the amount loaned, and for which it was pledged as security; and have also made loans and accepted and received as security real estate, the value of which, exclusive of buildings, was less than half the amount for which it was made to secure; and have also made loans upon personal security, to wit: on the 1st day of January, A. D. 1883, and on divers other days and times, at St. Albans aforesaid, to one Lawrence Brainerd, then and there a director and president of said St. Albans Trust Company, upon certain notes signed Norwood Lumber Company, of which company the said Lawrence Brainerd was then and there the principal partner to a large amount, to wit: the sum of $500,000, in violation of the provisions of said act of incorporation and against the form of said statute, by

reason of which incapacity, unfaithfulness, and remissness of the said defendants in their official duties as directors of said St. Albans Trust Company aforesaid, a large amount of money so deposited as aforesaid, in said trust company as aforesaid, to wit: the sum of $500,000 has been lost, and the said St. Albans Trust Company has become and is insolvent and unable to pay the amount or any part thereof so due and owing to the plaintiff, and the same has become and is wholly lost to the plaintiff.

" And the plaintiff further avers, that on the 7th day of August, 1883, he went to the banking house of said corporation, in St. Albans aforesaid, during business hours, and the same was shut up and closed against the plaintiff, and the said corporation then and there ceased to do business, and its assets are now in the hands of the receiver."

*Noble & Smith, Wilson & Hall, H. S. Royce,* and *F. W. McGettrick,* for the plaintiff.

The act incorporating the St. Albans Trust Company, of which the defendants were directors, gives the creditors a direct remedy against the directors for any loss sustained through their incompetency, unfaithfulness, or remissness in the discharge of official duty. Laws of 1868, No. 157, s. 7. An action on the case is the appropriate remedy. *Buell* v. *Warner,* 33 Vt. 570; *Bank* v. *Sprague,* 43 Vt. 502; 24 Wend. 473. A bill in equity will not lie. *Bassett* v. *Hotel Co.* 47 Vt. 313. Under the statute, the liability of the defendants is a direct liability to every creditor attaching, whenever loss shall occur by reason of official unfaithfulness. BARRET, J., in *Buell* v. *Warner, supra.* The liability is not an asset of the company. *Hargraves* v. *Chambers,* 30 Ga. 606. It is an original liability, similar to that of partners. Thomp. Liab. St. s. 342.

It is unnecessary to first proceed against the corporation. Ross, J., in *Bassett* v. *Hotel Co. supra.*

The company is insolvent and in the hands of a receiver.

No action could be maintained; and were such an action necessary, insolvency is an excuse for not proceeding in the first instance against the company. *Paine* v. *Stewart*, 33 Conn. 516; Thomp. Liab. St. s. 321; *Bull* v. *Bliss*, 30 Vt. 127; *Woodstock Bank* v. *Downer*, 27 Vt. 539; *Shellington* v. *Howland*, 53 N. Y. 371; 3 McLean, 293. The fact that this bank is in the hands of a receiver is no defence. Thomp. Liab. St. s. 473.

*Edson & Edson, Cross & Start*, and *Stephen E. Royce*, for the defendants.

It is insisted that no action at law can be maintained by a creditor upon this statute, and that the action given is a suit in equity. The statute does not prescribe the kind of action given, and the nature of the case shows that a suit in equity is the only effectual remedy.

It is evident that the loss for which the directors are made liable, is a loss sustained by the creditor or stockholder, and that the liability is for such loss only. Such loss can only occur through the instrumentality of a loss sustained by the company by reason of the official delinquencies mentioned. So far as the remaining assets of the company are sufficient to pay the creditors there is no loss sustained by them, and consequently no liability of the directors to them. The loss for which the directors are made liable to creditors is the balance of the deposits remaining unpaid after applying ratably upon them the whole assets of the company. The liability is not for the creditor's debt, but for such loss as he may sustain in consequence of certain acts of the directors.

That a suit in equity is the exclusive remedy in cases of this kind is sustained by excellent authority. Thomp. Liab. Off. p. 456; *Hornor* v. *Henning*, 93 U. S. 229; *Buchanan* v. *Barlow*, 3 Bradw. (Ill.) 191; *Same* v. *Low*, Ib. 202; *Crease* v. *Babcock*, 10 Met. 525, 568; *Schley*.v. *Dixon*, 24 Ga. 273; *Bank* v. *St. Johns*, 25 Ala. 566. The liability is an asset that passes to the receiver. *Blanchard* v. *Cawthorne*, 4 Sinc. 572. A

recovery would allow one creditor to be paid in full to the prejudice of the other creditors.    High Rec. 143, 352; *Ames* v. *Trustees,* 20 Beav. 332.

The opinion of the court was delivered by

VEAZEY, J.    This case stands on demurrer to the declaration which was framed upon that part of section 7 of the charter of the St. Albans Trust Company, which reads as follows:

"The said directors shall be liable to the creditors and stockholders of said corporations for any loss which may be sustained in consequence of any incompetency, unfaithfulness, or remissness in the discharge of their official duties hereinbefore or hereinafter prescribed, and any number of such directors may be sued in the same action by any claimant under these provisions."

It is insisted that no action at law can be maintained by a creditor upon this statute, and that the action given is a suit in equity.    The plaintiff was a creditor of said company by reason of being a depositor.    The authorities in the different states upon the point here made cannot be fully reconciled.    The conflict, however, is largely explainable upon the difference of the statutes and of the remedial systems of the several states.

The language of this charter is appropriate to a remedy at law, but is not restricted to it.    Such a provision, therefore, should be construed so as to provide the most complete, convenient, comprehensive, and equitable remedy which its language will admit of.    That a proceeding in chancery would furnish such a remedy, and that a suit at law would not, is very apparent.    It is not equitable that one depositor should get any advantage over the others of the same class.    It is just that the directors guilty of the delinquencies specified should reimburse depositors for any loss resulting from such delinquencies; but if they have not the means to make up the loss to all, there should be a distribution in proportion to the respective deposits affected by the loss.    If the

action is to recover a penalty the defendants can only be liable to one action and to one penalty. If this action is construed as not providing for the recovery of a penalty, so that one action would not be a bar to others, then a delinquent director would be liable to as many actions as there are depositors and stockholders, with a probability that the parties first suing would get pay in full or all the means that the directors had, and the others nothing. A suit at law to recover a loss to the plaintiff of $100, where the company is insolvent, would involve about the same complication of inquiry as a suit in equity adjusting all the affairs of the company, and that too by a jury, the tribunal least adapted to such inquiry. The liability is only for such loss as the creditor or stockholder sustains. That can occur only through a loss sustained by the company by reason of the official delinquencies specified. So far as the assets, including those derivable from the proceeds of the capital stock, are sufficient to pay the creditors, there is no loss sustained by them, and consequently no liability of the directors to them. Therefore, in order to determine that there has been a loss to a depositor all the debts of the company must be shown, the amount of the assets established, the proper application of assets to different classes of losses fixed, having regard to dates of deposits and losses with reference to each other. These are but illustrations of the many complications that a suit at law by a creditor for his loss involves. It lacks convenience, economy, and justice; whereas a suit in equity is adapted to give to the creditors adequate relief, and to the directors adequate protection. The remedy is in its nature appropriate to a Court of Chancery. The powers and instrumentalities of that court enable it to ascertain all the propositions of fact upon which relief and recovery must be based, with all parties in interest before the court and bound by its decision, whereas a trial under the rigid rules of the common-law proceeding, would render this practically impossible. It is only when

the company becomes insolvent that loss to a creditor can occur. The liability is " to the creditors and stockholders "; and the act conveniently provides that any one may bring the action. As said by Justice MILLER, in *Hornor* v. *Henning*, 93 U. S. 228: " This course avoids the injustice of many suits against defendants for the same liability, and the greater injustice of permitting one creditor to absorb all or a very unequal portion of the sum for which the directors are liable, and it adjusts the rights of all concerned on the equitable principles which lie at the foundation of the statute."

This is the construction adopted as to statutes substantially like this by the Supreme Court of the United States in the case last cited and others; also by the highest courts of several of the states. *Pollard* v. *Bailey*, 20 Wall, 520 (87 U. S.); *Stone* v. *Chisolm*, 113 U. S. 302; *Bank* v. *Stevenson*, 10 Gray, 232; *Crease* v. *Babcock*, 10 Met. 525; *Buchanan* v. *Iron Co.* 3 Bradw. 191; *Same* v. *Low*, Ib. 202; Thomp. on Liability of Officers, p. 456.

I think there is no case where, under a similar statute, the liability was for a *loss*, not a debt, and the point was made as in this case, any court has held that the remedy was not in chancery. The cases where the point was made and a legal remedy was maintained, are those in which the liability was for a fixed sum or amount, regardless of the solvency of the company, and where the right of recovery depended only on showing the delinquency of the officer. In the case of *Buell* v. *Warner*, 33 Vt. 570, which stood on demurrer to the declaration, this question was not raised. It was not alluded to in the causes of demurrer assigned, or in the opinion of the court or elsewhere in the report of the case. The demurrer was based solely on the insufficiency of the declaration, without question as to the forum. It is suggested that the eminence of counsel for the defendants precludes that the point could have been overlooked. That may be true, but they, as I think, had good reason for

not wishing to drive the plaintiff to resort to the superior efficiency of a chancery proceeding, preferring to let him flounder amid the complications of his suit at law. It is beyond reason that the eminent judge who pronounced the opinion of the court, should not have alluded to the point if it had been made. I have the liberty of saying that he regards that case as no authority upon this point, and that he concurs in the construction of this charter as here taken. The decision in *Bassett* v. *Hotel Co.* 47 Vt. 313, also cited by plaintiff, was based on the particular wording of the statute, and the remedy at law involved no complication or embarrassment of fact, and worked no injustice as between a class of creditors as depositors in a bank. The question is untrammelled by previous decisions in this State. There are now several trust companies in the State holding in the aggregate a large amount of deposits and numbering depositors by thousands; and the charters all have this same provision, except that some of them omit the last clause wherein it is provided that any number of directors may be sued in the same action by any claimant. Without this clause there would be nothing to indicate a remedy at law more than in chancery. Effect is given that clause by treating it as a provision in respect to parties in the bringing of the suit in the first instance.

In view of its broad application it is important to give section 7 a construction that will be efficient and just. The equitable remedy is as certain to operate as a spur to official faithfulness as the remedy at law, and is much more convenient, economical, just, and effective, and has the support of the best authority. It is now made the remedy by express statute in Massachusetts. This view renders it unnecessary to notice the other points raised by the demurrer.

Judgment affirmed.