## WILLIS V. FARR *v.* GEORGE C. BRIGGS' ESTATE.

### January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

### Opinion filed April 13, 1900.

*Corporations—Statutory liability of directors—When liability is contractual rather than penal—When right of action is transitory*—Under a statute making such directors of a corporation as assent to the creation of debts beyond a prescribed limit liable to the creditors for the debts so created, the liability of the directors when it arises is contractual and not penal in its nature, and the right of action to enforce it is transitory and can be brought in any court of competent jurisdiction in any state.

*Liability how contractual—Liability analogous to that of sureties and guarantors*—Under such a statute the liability arises out of the assent to contracts creating debts beyond the prescribed limit, and is similar to that of sureties and guarantors.

APPEAL from the decision of commissioners on the estate of George C. Briggs, deceased. To the plaintiff's declaration a general demurrer was filed. Demurrer sustained *pro forma* and without hearing, Chittenden County, September Term, 1899, *Rowell*, J., presiding. The plaintiff excepted.

The defendant claimed as grounds of demurrer that the liability arising on the statute of South Dakota in question was so far penal that it could not be enforced in this State, and that the right of action to enforce it did not survive.

*W. L. Burnap* and *Powell & Powell* for the plaintiff.

*Clark C. Briggs* and *Seneca Haselton* for the defendant.

TYLER, J. Appeal from the disallowance of a claim by the commissioners upon the estate. The following are the material facts alleged in the declaration and admitted by the demurrer :

The Vermont Investment Company was a corporation created and organized in May, 1882, under the laws of South Dakota, and having offices and places of business in that State

and in Burlington, Vt., for the negotiating of loans and the sale of promissory notes and other securities.

The statute under which the corporation was created contains the following provision :

" The directors of corporations must not make dividends except from the surplus profit arising from the business thereof; nor must they divide, withdraw or pay to the stockholders, or any of them, any part of the capital stock ; nor must they create debts beyond their subscribed capital stock, or reduce or increase their capital stock, except as especially provided by law. For a violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large on the minutes of the directors at the time, or were not present when the same did happen), are, in their individual and private capacity jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out, or reduced, or debt contracted ; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section."

The capital stock issued and subscribed for was five hundred and twenty-three shares of the par value of one hundred dollars per share; yet the directors contracted debts and liabilities against the corporation largely in excess of the stock subscribed.

George C. Briggs of Burlington was a stockholder in the corporation, was duly constituted a director thereof and qualified and acted as such while it continued to do business. He attended its meetings, participated in its transactions, expressed no dissent to the creation of debts as aforesaid and caused none to be entered upon its records.

The corporation sold to the plaintiff in this State and guaranteed the payment of various notes to a large amount, and thereby became liable to pay the same to him at maturity if the makers failed to pay them.

The plaintiff demanded payment of the notes and obligations so purchased by him, as they respectively fell due, of the makers, and upon failure of payment by them, made demand of payment of the corporation pursuant to its guaranty. The corporation became insolvent and was dissolved in December, 1893, and all its assets were exhausted, whereupon the plaintiff presented his claim against Briggs' estate upon the ground that, as one of the directors of the corporation, by virtue of the statute, Briggs became liable to pay him the amount of his debt against the corporation and that the claim survived against his estate.

The statute of South Dakota evidently was the general law of that State under which all business corporations were required to be organized. Upon the election of the directors they became subject to all its requirements and liable to the corporation and to its creditors, within that State at least, for a violation thereof. The question is whether the statute had any extra-territorial force—whether creditors outside the limits of that State have any remedy by virtue of its provisions.

It is well settled that penal statutes will receive no recognition and are not enforceable in other states than the ones in which they were enacted. Story on Conf. Laws, secs. 620, 621; *Halsey* v. *McLean*, 12 Allen 439, 90 Am. Dec. 157 and notes; *Blaine* v. *Curtis*, 59 Vt. 120; *Adams* v. *R. R. Co.*, 67 Vt. 76. The plaintiff concedes this to be the rule of law, but contends that the statute under which the present action is brought is not penal, but contractual. The defendant estate claims that the statute is strictly penal.

Statutes similar to that under which the present action is brought, making the directors of business corporations personally liable for their default in the performance of certain prescribed duties, have received much consideration by law writers and courts. In Cook on Cor. sec. 223, in Morawetz, sec. 907, and in Thompson, secs. 3052 and 4164, it is said that such statutes have generally been held to be penal. Courts of high authority have so held. In *Bank* v. *Price*, 33 Md. 488, a Pennsylvania statute

which provided that, if any debts or liabilities should be contracted exceeding the amount of the capital stock of the corporation actually paid in, the directors and officers contracting the same should be jointly and severally liable in their individual capacity for the whole amount of the excess, and that the same might be recovered in an action of debt, was considered as imposing a penalty, and that it could only be enforced in the state which enacted it. In *Mitchell* v. *Hotchkiss*, 48 Conn. 9, 40 Am. Rep. 146, the same doctrine was held under the statute of another state which provided that officers of certain corporations should be personally liable for the debts of the corporation in case they neglected to file an annual report showing the financial condition of the corporation. See, also, *Stokes* v. *Stickney*, 96 N. Y. 323; *Carr* v. *Rischer*, 119 N. Y. 117. The same was held in *Derrickson* v. *Smith*, 27 N. J. L. 166; in *Diversey* v. *Smith*, 103 Ill. 375, 40 Am. Rep. 4; and in *Chase* v. *Curtis*, 113 U. S. 452.

In *Huntington* v. *Attrill*, 146 U. S. 657, the court gave construction to a New York statute, in violation of which the defendant, as a director of a business corporation, signed and made oath to a certificate which he knew to be false—that the whole of the capital stock of the corporation had been paid in, when in fact no part of it had been paid in. The statute made him liable for all the debts of the corporation, which included that of the plaintiff. The question whether this was a penal statute, having no force out of the state where enacted, was elaborately discussed by the court and this statement of the law was laid down:

"The question whether a statute of one state, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act."

The court held that the act was in no sense criminal or *quasi* criminal; that it made the stockholders individually liable

for the debts of the corporation until the capital stock was paid in and a certificate was filed, and made the officers liable for any false and material representation in the certificate ; that the individual liability of the stockholders takes the place of a corporate fund until that fund has been duly created, and that the individual liability of the officers takes the place of the corporate fund, in case their statement that it has been duly created, is false ; that the statute gives a civil remedy at the private suit of the creditor only, and measured by the amount of his debt, it is . as to him, clearly remedial ; that to maintain such a suit is not to administer a punishment imposed upon an offender against the state, but simply to enforce a private right secured under the laws to an individual ; that it is not a penal law in the sense that it cannot be enforced in a foreign state or country.

In *Neal* v. *Moultrie,* 12 Ga. 104, the charter of a bank provided that the total amount of the debts which the corporation should at any time owe should not exceed three times the amount of stock paid in, and made the directors liable for such excess ; *held,* that, as a right of action and recovery was given to individuals, or a particular class of individuals, the act was remedial and not penal. The court remarked that the act not only looked to the interests of the public at large; but, " it was also a measure of individual security which created rights in individual citizens."

In *Witters, Receiver,* v. *Foster, Admr.,* 26 Fed. R. 737, cited by defendant, which was a bill of revivor, the original bill charged the intestate, with other directors of a bank, with neglect of duty in not requiring a bond of the cashier, in allowing persons to become indebted to an amount exceeding one-tenth of the capital, and in reckoning assets as good as a basis of dividends, when they were worthless, etc., in violation of United States statutes. These statutes gave no remedy to the creditors or stockholders, and the court held that the ground of the orator's claim was the personal and official guilt of the intestate, for the omission of duties which, had they been performed, might have

benefited the assets of the bank, and that the cause of action did not survive. The same court, Wheeler, J., in an action to enforce the personal liability of directors of a corporation under a Vermont statute, which provided that the corporation should not contract debts exceeding three-fourths the amount of its capital paid in, and made the stockholders and directors personally holden to the creditors, if the indebtedness should exceed that amount, held that the directors' liability for the debt arose out of the assent to the contract creating the debt and was that of contracting debtors, and clearly drew the distinction between such a statute and one that declared liability for some act or neglect in no way connected with the contracting of debts, as for neglect to file reports, which the court said was penal. *Field* v. *Haines,* 28 Fed. R. 919. See, also, *R. R. Co.* v. *Graves,* 80 Fed. R. 588, where this distinction is maintained ; Cook on Cor. sec. 1 ; Thomp. on Cor. secs. 4166, 8525-6; Mor. on Cor. sec. 908.

The defendant cites *Wind. Prov. Inst.* v. *Sprague et al.,* 43 Vt. 502, which arose under the same statute as *Field* v. *Haines* and to enforce a similar liability. The court used the expression that, "the creation of this additional liability seems to have been intended as a check upon the directors and stockholders in the contraction of debts, and to have been imposed, in some sort, as a penalty * * *". It also said, "to visit this penalty upon any others than those who caused the infraction of the charter would be manifestly unjust," etc. The word penalty may have been used inadvertently ; it clearly was used in no other sense than that a party should make pecuniary payment for the breach of his contract.

*Cady et al.* v. *Sanford et al.,* 53 Vt. 632, was a case against the defendants as directors of a corporation organized under the laws of this State, which made them personally liable for debts contracted before publishing the articles of association. The liability of the directors was treated as contractual, though the case was decided for the defendants upon the ground that their

liability was only collateral to that of the company, and that no debt against the company had been established.

*Blaine* v. *Curtis*, 59 Vt. 120, was an action to recover a penalty imposed by the statute of New Hampshire for taking unlawful interest. The statute was held to be penal, but the court said: "If it only gave a remedy for an injury against the person by whom it was committed to the person injured, and limited the recovery to the mere amount of loss sustained, or to cumulative damages as compensation for the injury sustained, it would fall within the class of remedial statutes." This is the rule laid down in *Boies* v. *Booth*, 2 W. Bl., "that where the damages are given wholly to the party injured, as compensation for the wrong and injury, the statute, having for its object more the indemnification of the plaintiff than the punishment of the defendant, the action is not penal, properly so called, but remedial."

It appears by the cases above referred to that it was the doctrine of this court long before *Huntington* v. *Attrill* was decided, that where the purpose of a statute is to furnish a remedy to creditors who have been injured by the directors' violation of the requirements of the statute, the liability of such officers is contractual, and actions upon such statutes are transitory and can be brought in any state in courts of competent jurisdiction.

Some of the decisions by courts of other states in which a different doctrine has been held have been rendered upon statutes not containing the remedy for creditors, which is expressly provided in the South Dakota statute. That statute clearly is not penal either in its letter or intent, but it grants a right of action to private persons who have suffered pecuniary injury in consequence of certain officers of corporations violating the statute, to recover damages of those officers, the extent of whose liability is the amount of pecuniary loss sustained by such private persons—creditors of the corporation. No public wrong was committed when the directors exceeded the prescribed limit in creating debts. The creditors were the only persons upon whom a wrong was committed, and they have a remedy by virtue of the

*quasi* contract which the directors entered into with them when the sales of securities were made, to the effect that the directors were not exceeding the prescribed limits in creating debts. The obligation which the statute imposed upon the directors not to create debts beyond a certain limit entered into the contracts of sales of securities which the directors made through their agents. The directors created the debt in this jurisdiction, and the statute of the sister state fixes the extent of their liability, which does not arise from their personal misconduct merely irrespective of its effect upon the property rights of others, but, as was said by the court in *Field* v. *Haines, supra,* "the liability arises out of the assent to the contract creating the debt." As was said in *Wind. Prov. Inst.* v. *Sprague, supra,* in respect to directors : "They can keep the indebtedness of the company within the limits fixed by the legislature, or they can extend that indebtedness beyond that limit and voluntarily take upon themselves the relation of joint debtors to the creditors of the company." The liability is similar to that of sureties and guarantors, and evidently was imposed partly for the purpose of inducing the directors to perform their prescribed duties, and partly as a means of securing the creditors of corporations from losses occasioned by the acts of their officers.

*Pro forma judgment reversed; demurrer overruled; declaration held sufficient ; cause remanded.*