E. E. Rice & Company *v.* Frederick C. Kennedy.

January Term, 1903.

Present:    Rowell, C. J., Tyler, Munson, Watson, Stafford, and
Haselton, JJ.

Opinion filed May 21, 1904.

*Corporations—Liability of Directors—V. S. 3724.*

V. S. 3724, making directors, who assent to the creation of corporate
indebtedness exceeding in amount two-thirds the capital stock
actually paid in, personally liable for the excess, applies only to
corporations by voluntary association.

V. S. 3724 never applied to corporations created by special acts of the
Legislature, except while No. 79, Acts 1886, was in force, which act
was repealed by the revision of 1894.

When, on demurrer to a declaration, the county court sustained the
demurrer, adjudged the declaration insufficient, and passed the
case to the Supreme Court before final judgment, and the Supreme
Court affirms the judgment of the county court, and the plaintiff
can gain nothing by any amendment to the declaration, the Su-
preme Court will render final judgment.

Debt, under V. S. 3724, against Frederick C. Kennedy,
as director of the Burlington Woolen Co., a corporation or-
ganized and existing under a special act of the Legislature of
this State, for goods sold and delivered to said corporation.
Heard on a general demurrer to the amended declaration at
the September Term, 1902, Chittenden County, *Start,* J., pre-
siding. Demurrer sustained, and declaration adjudged insuf-
ficient. The plaintiff excepted. The opinion states the ma-
terial allegations of the declaration.

*Joseph T. Stearns* and *Robert L. Raymond* for the plain-
tiff.

No. 79, Acts of 1886, not only made R. L. 3291,—now
V. S. 3724—apply to the Burlington Woolen Co., but re-

pealed the charter provision as to directors' liability. *Barton. Nat.. Bk.* v. *Atkins,* 72 Vt. 33.

That provision of the charter was then gone forever, and the repeal of No. 79, Acts of 1886, did not revive it.

It may well be held that No. 79, Acts of 1886, was not necessary; that R. L. 3291,—now V. S. 3724—of its own force applied to all specially chartered corporations. *Farr* v. *Brackett,* 30 Vt. 344; *State* v. *Smith,* 63 Vt. 201.

This action is properly brought at law. 3 Thomp. Corp. § 4178; *Gaffney* v. *Colvill,* 6 Hill (N. Y.) 567.

A single director may bring an action in behalf of himself alone in states where an action at law is the proper remedy. 3 Thomp. Corp. §4320; *State Bank* v. *Andrews,* 18 N. Y. Supp. 167.

Actions of a similar nature have, with one exception, been brought at law in this State. *Field et al.* v. *Haines et al.,* 28 Fed. 919; *Windham Prov. Inst.* v. *Sprague,* 43 Vt. 502; *Nat. Bk. of Rutland* v. *Paige's Exr.,* 53 Vt. 452; *Cady et al.* v. *Sanford et al.,* 53 Vt. 632; *Corey* v. *Morrill et al.,* 61 Vt. 598; *Farr* v. *Briggs' Est.,* 72 Vt. 225; 3 Thomp. Corp. § 4317.

The exception referred to is *Bassett et al.* v. *St. Albans Hotel Co.,* 47 Vt. 313, where it was held that the action should not be in equity.

*W. L. Burnap* for the defendant.

V. S. 3724 does not apply to corporations organized by special act of the Legislature.

If V. S. 3724 is available against the defendant, suit must be for the benefit of all the creditors. One creditor cannot reap all the advantage given by the statute. *Windham*

*Prov. Inst.* v. *Sprague,* 43 Vt. 502; *Buel* v. *Warner,* 33 Vt. 570.

The cause of action under this statute is not cognizable at law, but in equity. *Bank* v. *Atkins,* 72 Vt. 33; *Cushing* v. *Perot,* 34 L. R. A. 737; Thomp. Corp. § 3435; *Mich. Sav. Co.* v. *Fidelity Co.,* 87 Fed. 113; *Patterson* v. *Lynde,* 106 U. S. 519; *Flash* v. *Conn.,* 108 U. S. 371; *Terry* v. *Little,* 104 U. S. 216; Thomp. Corp. § 3368; *McCusick* v. *Seymour,* 50 N. W. 1114; *Farmers' Loan & Trust Co.* v. *Funk,* 68 N. W. 939; *Pickering* v. *Hastings,* 76 N. W. 587; *German Nat. Bk.* v. *Far. Bank,* 74 N. W. 1086; *Gianella* v. *Bigelow,* 71 N. W. 111; *Attorney-Gen.* v. *Guardian Ins. Co.,* 77 N. Y. 272; *Story* v. *Furman,* 25 N. Y. 221.

WATSON, J. The amended declaration shows that the Burlington Woolen Company was organized in 1863 under a special charter,—No. 61, Acts of 1862,—and thenceforth did business thereunder with such amendments thereto as may have been made by general legislation, until it went into the hands of a receiver on the 21st day of February, 1898. Section 5 of the charter provided that "the sum of one hundred thousand dollars, of the capital stock of said company, shall be paid in before said company shall contract any debts; and the indebtedness of the company shall at no time exceed two-thirds of the capital actually paid in; and if at any time the indebtedness of said company shall exceed that amount, the directors and stockholders shall be personally holden for such excess to the creditors of the company; and no part of the capital stock of said company actually paid in shall be withdrawn or diverted from the business of the company, until all the indebtedness and liabilities of the company shall have been fully satisfied." By section 6, the act was subject to any and all general laws of this State applicable to similar

acts of incorporation, not inconsistent therewith, and the act was under the control of any future Legislature. By No. 79, Acts of 1886, all private corporations so organized were made subject to the provisions of certain sections of the Revised Laws, among which were sections 3291 and 3292. Section 3291 reads: "One-half of the capital stock shall be paid in before the corporation contracts debts, and no part of it shall be withdrawn or diverted from the proper business of the corporation; and no debts shall be contracted by the corporation exceeding in amount two-thirds of the capital stock actually paid in; and any director assenting to the creation of such indebtedness shall be personally liable for the excess"; and section 3292, "The stockholders in the corporation shall be individually liable to its creditors to an amount equal to the amount of stock held by them respectively, for contracts and debts made by such company, until the whole amount of stock fixed by the company is paid in." The act of 1886 was a revision of the entire subject matter of section five of the charter, was intended as a substitution therefor, and the latter was impliedly repealed thereby. *Barton National Bank* v. *Atkins,* 72 Vt. 33, 47 Atl. 176.

In 1892, the statutory law respecting corporations by voluntary association was generally taken into consideration by the Legislature, resulting in the enactments of No. 60 of the laws of that year, by which chapter 153 of the Revised Laws, of which section 3291 formed a part, was expressly repealed. Section 21 of this act contains the provision that "no debts shall be contracted by the corporation exceeding in amount two-thirds of the capital stock actually paid in; and a director assenting to the creation of such indebtedness shall be personally liable for the excess." This is the same provision contained in section 3291, and with the immaterial change of a single word it is in the same language.

Under the revision of 1894, the same provision in substance was placed in section 3724 of Vermont Statutes, upon which this action is based.. No question is made, nor could there be, but that this provision as contained in R. L. 3291, has thus been a continuing one in the law to the present time. But the defendant contends that the Burlington Woolen Company was subject to it only so long as the act of 1886 remained in force, and this contention we think is sound.

The provision upon which the plaintiff has declared, as contained in section 3291 of the Revised Laws, in section 21, No. 60, Acts of 1892, and in section 3724 of the Vermont Statutes, in itself, applies only to corporations by voluntary association. It never had any application to private corporations organized under special acts of the Legislature except as they were made subject to it by the law of 1886. Under the revision of 1894 that act was expressly repealed from and after the first day of August, 1895. V. S. 5463. With that act thus repealed, such corporations ceased to be subject to the provision in question in the general law, and directors are not liable under that provision for any excess of indebtedness subsequently contracted by the corporation.

The allegations in the amended declaration show that the indebtedness from the Burlington Woolen Company to the plaintiff was contracted after the 17th day of November, 1897, hence the statute declared upon gives him no right of action.

In the trial court the demurrer was sustained, the amended declaration adjudged insufficient, and the cause passed to this Court before final judgment. Inasmuch, however, as the statute upon which the action is based gives the plaintiff no right of action, he can gain nothing by any amendment to the declaration which might properly be made if the case were

remanded.   In these circumstances, final judgment will be
rendered here.

*The judgment of the County Court is affirmed, and judg-
ment that the defendant recover his costs.*