CHARLES E. BROWN & CO. *v.* OSCAR T. WARE, ET AL.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Corporations—Directors—Liability for Corporate Debts—Nature—Form of Action—Repeal of Statute—Effect.*

Under P. S. 4307, providing that a director who assents to the creation of an indebtedness by a corporation exceeding two-thirds of the capital stock actually paid in shall be personally liable for the excess, the liability of the director is contractual, not penal, is secondary to the liability of the corporation, and for the benefit of all creditors in proportion to the amount of their debts entering into an excess, in so far as the liability is necessary to pay them.

Since P. S. 4307 is not penal, its repeal by §11, No. 143, Acts 1910, without a saving clause, did not affect the liability of a director for debts contracted before the repeal.

The liability of a director of a corporation, under P. S. 4307, for corporate debts assented to by him in excess of two-thirds of the capital stock actually paid in cannot be enforced by an action at law by an individual creditor, but only by a suit in equity, where all the debts can be ascertained, the assets of the corporation applied to their payment, and the excess due from the directors assenting to each debt determined.

Such a suit in equity need not be brought by a receiver, where the corporation is not already in the hands of a receiver, but may be maintained by all the creditors jointly or by one in behalf of himself and all others.

CASE against a director of a corporation, under P. S. 4307. Heard on special demurrer to the declaration, at the April Term, 1913, Windham County, *Taylor,* J., presiding. Demurrer overruled and declaration adjudged sufficient, to which the defendant excepted.

The allegations of the declaration show, that on, to wit, the 31st day of October, 1910, and for a long time preceding, the

defendants were directors of a corporation in this State, organized and existing by voluntary association under the general laws of the State, known as the "Grange Store," having an authorized capital of nine thousand dollars, and organized for the purpose of carrying on the business of dealing in groceries, provisions and general merchandise; that at the time named above, the capital stock had been actually paid in only to the sum of five thousand four hundred thirty dollars; that the defendants, being and acting as directors of the corporation while the capital stock actually paid in was the amount aforesaid, knowingly created and assented to the creation of an indebtedness by the corporation exceeding in amount two-thirds of the capital stock actually paid in, to wit, ten thousand dollars; that while such was the status of the corporation as to the amount of the capital stock actually paid in, and as to the amount of debts contracted by it, the same being outstanding as legal indebtedness, the defendants, with knowledge thereof, as such directors, purchased of the plaintiff, goods, wares, and merchandise, to the amount of, to wit, two thousand dollars, on credit, which said goods, wares, and merchandise were then and there delivered by the plaintiff to the said corporation, and that said corporation has not, nor have the defendants, ever paid the plaintiff therefor, though often requested so to do, and by reason of the premises a debt became due and owing from the corporation to the plaintiff, amounting, to wit, to the sum of two hundred nine dollars, and that by virtue of the statute a cause of action hath accrued to the plaintiff against the defendants in the premises to recover the same, to the damage, etc.

*Herbert G. Barber* and *Frank E. Barber* for the defendants.

*C. S. Chase* and *W. R. Daley* for the plaintiff.

WATSON, J. The statute (P. S. 4307), respecting corporations by voluntary associations, provides: "No debts shall be contracted by the corporation exceeding in amount two-thirds of the capital stock actually paid in, and a director assenting to the creation of an indebtedness exceeding such amount shall be personally liable for the excess."

After the time when the defendants are alleged to have as-sented to the creation of debts beyond the limitation so speci-fied, and before the commencement of this suit, section 4307 was repealed, without a saving clause, by sec. 11, No. 143, Laws of 1910. It is urged that this statutory liability was penal in character, and consequently, the statute having been thus re-pealed, there is no law upon which to predicate this action or any judgment therein. In *Farr* v. *Briggs' Estate,* 72 Vt. 225, 47 Atl. 793, 82 Am. St. Rep. 930, the action was based upon a foreign statute sufficiently like the one now under consideration to make that case much in point, if not controlling, in this re-spect. The sole question there was, whether the statute was penal and without extra-territorial force. It was held that the obligation imposed by the statute upon the directors not to con-tract debts beyond a certain limit, arose out of the assent to the contract creating the debt, and was contractual. The court said the liability was similar to that of sureties and guarantors, its evident purpose being partly to induce the directors to perform their prescribed duties, "and partly as a means of securing the creditors of corporations from losses occasioned by the acts of their officers." In *Hornor* v. *Henning,* 93 U. S. 228, 23 L. ed. 879, the Act of Congress under which the plaintiff sought to charge the defendants as trustees of the bank named, made trustees assenting to indebtedness of the corporation exceeding the amount of its capital stock, personally and individually lia-ble for such excess to the creditors of the company. The plain-tiff in error maintained that under the Act the excess of indebt-edness incurred above the capital was to be treated as a penalty, and that any creditor could sue for that penalty without regard to the rights of others. The court, through Mr. Justice Miller, said, if the action was to recover a penalty, the defendants could only be liable to one action and to one penalty; and the recovery by plaintiff could be pleaded in bar of any other action for the same penalty; that it was not readily to be believed that Con-gress intended to make the trustees liable beyond the debts of the bank which it failed or refused to pay, nor that an Act in-tended for the benefit of the creditors generally, when the bank proves insolvent, can be justly construed in such a manner that any one creditor can appropriate the whole or any part of such liability of trustees to his own benefit, to the possible exclusion of all or any part of the other creditors. And it was held that

the fair construction of the Act was, that trustees assenting to an increase of indebtedness of the corporation beyond its capital stock were to be held guilty of a violation of their trust; that Congress intended that, so far as this excess of indebtedness over capital stock was necessary, they should make good the debts of the creditors who had been the sufferers by their breach of trust; that this liability constitutes a fund for the benefit of all the creditors entitled to share therein, in proportion to the amount of their debts, so far as may be necessary to pay such debts.

On the authority of the foregoing cases, we think it clear that the statute in question is contractual, and that this liability is secondary to that of the corporation, and is for the benefit of all the creditors entitled to share in the fund to be derived therefrom, in proportion to the amount of their debts entering into the excess, so far as may be necessary to pay the same. It follows that the repeal of the statute after the alleged acts of the defendants rendering them liable, and before the commencement of this suit, does not affect the plaintiff's right of action, which had previously accrued. This is so by statute. P. S. 35; *Harris* v. *Townshend,* 56 Vt. 716.

The statute is silent as to the remedy for the enforcement of the liability, and one ground of demurrer assigned is, that the statute does not give the plaintiff any right to maintain this action. Thus the question is presented, whether a single creditor can enforce the liability by a suit at law. We do not find that this precise question has been passed upon by this Court. In *Farr* v. *Briggs' Estate,* noticed above, the question was not raised, nor was any allusion thereto made by the Court. In *Rice & Company* v. *Kennedy,* 76 Vt. 380, 57 Atl. 971, the statute upon which the action was based, was essentially like the one here under consideration, and the question whether the cause of action was cognizable at law, was argued on demurrer; but it being held that at the time when the plaintiffs' debt was created, the contracting corporation, of which the defendant was a director, was not subject to the provisions of the statute there in question, the demurrer was sustained, and final judgment passed for the defendant, without considering the question as to the form of action. In *Cady* v. *Sanford,* 53 Vt. 632, the statute expressly provided that the directors should be personally liable in an action on the statute, and no question was made but

that the suit was brought in accordance therewith. In *Crown v. Brainard,* 57 Vt. 625, the action was at law against the directors of the St. Albans Trust Company, and was based upon provisions of the charter, whereby the directors were made liable to the creditors and stockholders of the corporation for any loss sustained in consequence of any incompetency, unfaithfulness, or remissness in the discharge of their official duties, and that any number of the directors might be sued in the same action by any claimant under these provisions. On the question, raised by demurrer, that no action at law, and only a suit in equity was maintainable by a creditor to enforce the liability, the Court said, that though the language of the charter was appropriate to a remedy at law, it was not restricted to it, and therefore such a provision should be construed so as to provide the most complete, convenient, comprehensive, and equitable remedy of which its language would admit; that a proceeding in chancery, and not a suit at law, would furnish such a remedy; that it was not equitable that one depositor should get any advantage of the others of the same class; that if the directors guilty of delinquencies had not the means to make up the loss to all, there should be a distribution in proportion to the respective deposits affected by the loss; that so far as the assets were sufficient to pay the creditors, there was no loss sustained by them, and consequently no liability of the directors to them; that, therefore, in order to determine that there had been a loss to a depositor all the debts of the company must be shown, the amount of the assets established, the proper application of assets to different classes of losses fixed, having regard to dates of deposits and losses with reference to each other; that a suit at law lacked convenience, economy, and justice; whereas a suit in equity was adapted to give to creditors adequate relief, and to directors adequate protection; and that the powers and instrumentalities of the latter court enabled it to ascertain all the facts upon which relief and recovery must be based, with all parties in interest before the court and bound by its decision. It was held that an action at law would not lie, and that a suit in equity was the proper remedy. In *Barton National Bank* v. *Atkins,* 72 Vt. 33, 47 Atl. 176, the action was in equity, and one ground assigned for demurrer was, that it should be at law. The liability of the stockholders was for the indebtedness of the corporation, to an amount equal to the par value of their stock.

It was said that there were equities among the creditors, among the stockholders, and between the creditors and stockholders, to be adjusted; that a complete, convenient, and comprehensive remedy could be had only in a court of equity where the rights of all parties could be considered and relief requisite to meet the ends of justice granted in a single action. Again adverting to *Hornor* v. *Henning,* where, as in the suit at bar, the statutory liability was placed upon trustees assenting to indebtedness of the company at any time exceeding a specified limitation, it was held that the remedy was in a court of chancery, the court saying that court was enabled to ascertain the excess of the indebtedness, the amount of this which each trustee may have assented to, and the extent to which the funds of the corporation may be resorted to for the payment of the debts; also, the number and names of the creditors, the amount of their several debts, to determine the sum to be recovered of the trustees, and apportioned among the creditors, in a manner which the trial by jury and the rigid rules of common law proceedings render impossible. This case was followed by *Stone* v. *Chisolm,* 113 U. S. 302, 28 L. ed. 991, 5 Sup. Ct. 497, where the single question was, whether the remedy on a statute essentially the same as in the other case, was by an action at law, or by a suit in equity. It was held that the case could not be distinguished from that of *Hornor* v. *Henning,* and the same holding was had. It was further held to be immaterial that it did not appear that there were other creditors besides the plaintiff in error; for there could be but one rule for construing the section, whether the creditors were one or many.

In the case at bar the declaration alleges that the indebtedness to the plaintiff is a part of the indebtedness assented to by the defendants as directors, in excess of the sum of two-thirds of the capital stock actually paid in, and that the corporation was then insolvent and unable to pay its said indebtedness to an amount of, to wit, five thousand dollars. From the allegations, it fairly appears that the excess to which the directors assented, is comprised in part of the debt to the plaintiff, and in part of debts to other creditors. The creation of these debts may or may not have been severally assented to by all and the same directors, or the assent in more or less instances may have been by directors in part different. Individual liability depends upon individual assent to violation of the law; and con-

sequently personal responsibility for the debts entering into the excess may not be the same as to any two of the directors. In such circumstances the same judgment can not be rendered against all, and several judgments can not be had in an action at law. Yet in effect they can be had in a court of equity where all the parties in interest may be before the court, all the various equities determined, and such a decree rendered in a single action as, in its several elements, shall be equitable and just to all concerned.

It is further argued in effect that the suit should be brought by a receiver, and that the allegations do not even show that one has been appointed. However this might be if the corporation were in the hands of a receiver who was closing up its affairs, in the circumstances appearing by the record, a suit in equity may be brought, all the creditors joining, or if the creditors are numerous, by one in behalf of himself and all the others. *Stimson* v. *Lewis,* 36 Vt. 91; *Darling* v. *Osborne,* 51 Vt. 148.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient, and judgment for the defendants to recover their costs.*