HORNOR v. HENNING ET AL.

The act of Congress (16 Stat. 98), under which certain corporations are organized in the District of Columbia, contains a provision, that, "if the indebtedness of any company organized under this act shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company." *Held*, 1. That an action at law cannot be sustained by one creditor among many for the liability thus created, or for any part of it, but that the remedy is in equity. 2. That this excess constitutes a fund for the benefit of all the creditors, so far as the condition of the company renders a resort to it necessary for the payment of its debts.

ERROR to the Supreme Court of the District of Columbia.

The plaintiff in error, who was plaintiff below, had judgment against him on demurrer to his declaration. The substance of the declaration is, that he is a creditor of the Washington City Savings-Bank; that the bank had incurred an indebtedness of $850,000 in excess of the amount of its capital stock, with the

assent of the defendants, who were the trustees of said bank, by reason whereof a right of action had accrued to plaintiff to have and recover the amount of his debt, — to wit, $4,000.

The act of Congress of May 5, 1870 (16 Stat. 98), authorizes the formation of corporations for various purposes within the District of Columbia by the voluntary association of individuals, who shall pursue the directions of the statute on the subject. Sect. 4 of that act provides for manufacturing, agricultural, mining, and mechanical corporations, and contains several provisions on the subject of the liability of the stockholders and of the trustees who manage these corporations. One of these is, that " if the indebtedness of any company organized under this act shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company."

By the second section of an act of the same session, passed June 17, 1870 (16 Stat. 153), it was enacted that savings-banks might be organized under the provisions of sect. 4 of the act first mentioned, which contains the clause above recited; and it is on the liability of the trustees declared in this clause that plaintiff bases his cause of action.

Argued by *Mr. F. P. Cuppy* for the plaintiff in error.

1. The act of June 17, 1870, merely authorizes savings-banks to organize and do business under the provisions of sect. 4 of the act of May 5, 1870; therefore, in construing the act as applied to trustees of such banks, the rules of construction applicable to the liability of trustees of mercantile, mining, and other companies, under the first act, should be applied.

2. The right of action is separate and several in favor of each and every creditor.

3. The liability is a joint liability, to which all the trustees assenting to an excess of indebtedness over the amount of the capital stock may be subjected.

4. The statute does not designate or prescribe, expressly or by implication, the form of the remedy to which the creditor shall resort. He therefore has the right to elect that which may be appropriate, under the circumstances of his particular case.

5. In the case at bar, an action at law lies in favor of the

plaintiff against the defendants, for the amount of his debt and interest.   Debt is the proper form of such action.   3 Paige, 409, 415, 416 ; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473 ; *Garrison* v. *Howe*, 17 N. Y. 458 ; *Simmons* v. *Spencer*, 15 id. 548; *Chandler* v. *Hoag*, 2 Hun (N. Y.), 613 ; *Union Iron Co.* v. *Pierce et al.*, 4 Biss. 327 ; *Dozier* v. *Thornton*, 19 Ga. 325 ; *Bullard* v. *Bell*, 1 Mas. 243 ; *Culver* v. *National Bank of Chicago*, 64 Ill. 530 ; *Steele* v. *Dunne*, 65 id. 298.

*Mr. Walter D. Davidge* for the defendants in error.

The liability claimed is purely statutory.   It did not exist. at common law.   The liability of the trustees is solely for the *excess* of indebtedness, and to the creditors of the company, one of whom cannot maintain an action for his individual debt. The whole scheme of the provision is the creation of a fund for the benefit of all the creditors of the company.   *Sturgis* v. *Burton*, 8 Ohio St. 215 ; *Merchants' Bank* v. *Stevenson*, 10 Gray, 232; *Stevenson* v. *Merchants' Bank*, 5 Allen, 398 ; *Moore* v. *Reynolds*, 109 Mass. 473 ; *Harris* v. *The First Parish of Dorchester*, 23 Pick. 112 ; *Crease* v. *Babcock*, 10 Met. 531; Morse on Banking, pp. 438, 439, and cases cited ; *Pollard* v. *Bailey*, 20 Wall. 520.

The remedy being in equity, the demurrer was properly sustained.

MR. JUSTICE MILLER delivered the opinion of the court.

The demurrer questions the right of a single creditor among many of the corporation to bring his separate action at law for his own debt, and recover a judgment for it against the trustees, though the allegations of his declaration be true.

If there exists an indebtedness of $850,000 in excess of the capital stock (which is alleged to be $50,000), it is clear that there must be other creditors than plaintiff ; and as plaintiff's account, filed as part of the declaration, shows that he claims as a depositor in the bank, it is a reasonable inference that there are a great many other creditors, and that most of them are depositors of small sums.   Under these circumstances, conceding the liability of the defendants, several questions press themselves on our attention as to the nature and extent of this liability and the mode of its enforcement.   Taking the terms

of the statute literally, the trustees are liable to the creditors as a body in the full sum of the excess (in this case $850,000), without regard to the amount due them collectively or individually, and though the corporation may be willing and able to pay every debt it owes as it falls due or is demanded. Nor does it matter whether the debts are in excess at the time the suit is brought or not, for " if at any time " the indebtedness exceeds the capital stock, the assenting trustees are liable. Nor by the strict terms of the clause are the defendants liable to a single creditor, if there be more than one, but to all, — not to each creditor for the amount of his debt, but to all the creditors for the amount of the excess.

Yet in the face of this necessary result, if the literal construction be adopted, plaintiff in error maintains that the excess of indebtedness incurred above the capital is to be treated as a penalty, and that *any* creditor can sue for that penalty without regard to the rights of the others. If the action is to recover a penalty, the defendants can only be liable to one action and to one penalty; and the recovery by plaintiff, if he had the right to recover, could be pleaded in bar of any other action for the same penalty.

But it is not readily to be believed that Congress intended to make the trustees liable beyond the debts of the bank, which it failed or refused to pay; yet if the excess is a penalty, it would be no defence for the directors to plead that the bank was ready and willing, and had never refused, to pay when demand was made. In fact, while the bank, *outside of its capital stock*, may have had $1,000,000 in its vaults ready to pay, a single creditor, who had never demanded his money of the bank, could sue the trustees.

Nor can we believe that an act intended for the benefit of the creditors generally, when the bank proves insolvent, can be justly construed in such a manner that any one creditor can appropriate the whole or any part of this liability of the trustees to his own benefit, to the possible exclusion of all or of any part of the other creditors. But such may, and probably would, often be the result if any one creditor could sue alone, while there were others unsecured.

We are of opinion that the fair and reasonable construction

of the act is, that the trustees who assent to an increase of the indebtedness of the corporation beyond its capital stock are to be held guilty of a violation of their trust; that Congress intended, that, so far as this excess of indebtedness over capital stock was necessary, they should make good the debts of the creditors who had been the sufferers by their breach of trust; that this liability constitutes a fund for the benefit of all the creditors who are entitled to share in it, in proportion to the amount of their debts, so far as may be necessary to pay these debts.

The remedy for this violation of duty as trustees is in its nature appropriate to a court of chancery. The powers and instrumentalities of that court enable it to ascertain the excess of the indebtedness over the capital stock, the amount of this which each trustee may have assented to, and the extent to which the funds of the corporation may be resorted to for the payment of the debts; also, the number and names of the creditors, the amount of their several debts, to determine the sum to be recovered of the trustees, and apportioned among the creditors, — in a manner which the trial by jury and the rigid rules of common-law proceedings render impossible.

This course avoids the injustice of many suits against defendants for the same liability, and the greater injustice of permitting one creditor to absorb all, or a very unequal portion, of the sum for which the trustees are liable; and it adjusts the rights of all concerned on the equitable principles which lie at the foundation of the statute.

Counsel for plaintiff cites a number of adjudged cases, mostly from the courts of New York, in which it is held that an action at law may be maintained against an individual stockholder in favor of an individual creditor under the statute of that State, that makes the stockholder liable to the amount of his stock when the corporation is insolvent. But there the liability of the stockholder is several, and is limited to the amount of his stock, a fixed sum easily ascertained. It is held in those courts, however, as stated in the *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 473, that chancery has a concurrent jurisdiction; and in the case of *Van Hook* v. *Whitlock*, 3 Paige, Ch. 409, it was said that the remedy at law is a very imperfect one.

Without deciding whether we would follow those decisions in a similar case arising in this District, it is sufficient to say, that there is an obvious distinction between the liability of stockholders to the amount of their stock, which is a part of the obligation assumed when the stock is taken and which is an exact sum, ascertainable by the number of shares owned by the shareholder, and the case of the managing trustees, jointly liable for a violation of their trust to all the creditors of the corporation who may be injured thereby.

In the Supreme Judicial Court of Massachusetts, under the identical form of words which we are construing in the present case, it has been repeatedly decided that the only remedy is a suit in equity, in which all the creditors are parties; and that even in equity one creditor cannot sue alone, but must either join the other creditors, or bring his suit on behalf of himself and all the others. And while the case is considered in reference to remedies afforded by the statute, it is placed on the solid ground, that the fund, by the statute, consists of the excess of all debts over the capital, and that there are various parties having several and unequal claims against the fund, which exceed it in amount. A demurrer to the action at law was sustained on these grounds in the *Merchants' Bank of Newburyport* v. *Stevenson and Others,* 10 Gray, 232. See also *Crease.* v. *Babcock,* 19 Met. 501; 5 Allen, 398. The same principle is held by this court in the recent case of *Pollard* v. *Bailey,* 20 Wall. 520, which, we think, disposes of the one before us.

*Judgment affirmed.*