WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY *vs.* T. I. REED & others.

Suffolk.    January 15, 16, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Street Railway. Corporation,* Liability of directors. *Equity Jurisdiction. Equity Pleading and Practice.*

The liability of the directors of a street railway company under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, to the extent of its capital stock, for all its debts and contracts until the whole amount of its capital stock has been paid in and a certificate stating the amount fixed and paid in has been filed, can be enforced only in equity.

In a suit in equity to enforce the liability of the directors of a street railway company under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, to the extent of its capital stock, for all its debts and contracts until the whole amount of its capital stock has been paid in and a certificate stating the amount fixed and paid in has been filed, it is not necessary to make the corporation a party.

The provision of St. 1903, c. 437, § 36, that a stockholder or officer in a corporation shall not be held liable for its debts or contracts unless it has been adjudicated bankrupt or a judgment has been recovered against it which it has neglected to pay, has no application to a suit in equity to enforce the liability of the directors of a street railway company under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, to the extent of its capital stock, for all its debts and contracts until the whole amount of its capital stock has been paid in and a certificate stating the amount fixed and paid in has been filed.

Creditors of a street railway company before bringing a suit in equity to enforce the liability of the directors of the company under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, to the extent of its capital stock, for all its debts and contracts until the whole of its capital stock has been paid in and a certificate stating the amount fixed and paid in has been filed, need not exhaust their remedy against the corporation by taking out execution or otherwise.

Under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, making the directors of a street railway company jointly and severally liable, to the extent of its

capital stock, for all its debts and contracts until the whole amount of its capital stock shall have been paid in, and a certificate stating the amount thereof fixed and paid in shall have been signed and sworn to by its president, treas-urer, clerk and a majority of the directors, and filed in the office of the secre-tary of the Commonwealth, if the whole amount of the capital stock never has been paid in, the filing of a certificate by the directors and officers named in the statute falsely stating that the whole amount of the capital stock has been paid in does not stop the liability of the directors under the statute, and it is immate-rial whether or not the directors acted in good faith in making the certificate.

In a bill in equity to enforce the liability of the directors of a street railway company under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, to the extent of its capital stock, for all its debts and contracts until the whole amount of its capital stock has been paid in and a certificate stating the amount fixed and paid in has been filed, an averment, that the whole amount of the capital stock " was never actually paid in in cash " and " that no valid certifi-cate has been filed by the directors of said street railway company to the effect that said capital stock has been paid in as required " by the statute, is not bad on demurrer in failing to state that no certificate has been filed, because the filing of a false certificate would not end the defendant's liability.

BILL IN EQUITY, filed in the Superior Court on March 30, 1906, under R. L. c. 112, §§ 18, 19, by the Westinghouse Electric and Manufacturing Company, a corporation organized under the laws of the State of Pennsylvania and having a usual place of business in Boston, for the benefit of itself and of any creditors of the Lowell and Boston Street Railway who might desire to join with it, against T. I. Reed of Burlington, Frank E. Cotton and F. A. Partridge of Woburn and Richard Faulkner of Billerica, as directors of that railway company, alleging that the plaintiff in December, 1901, and March, 1902, contracted to deliver and in April, 1902, did deliver to the Lowell and Boston Street Railway Company certain electrical equipment for use upon its railway; that on March 26, 1906, the plaintiff obtained a judgment against said railway company founded upon that con-tract and debt in the amount of $578.17 damages and $30.37 costs; that on or about March 1, 1904, John T. Burnett, John L. Hall and George H. Newhall were by order of the Circuit Court of the United States for the District of Massachusetts appointed receivers of the Lowell and Boston Street Railway Company; that there were no assets to distribute among the creditors of the railway company; that the receivers have been discharged and that the railway company has not since had any assets whatever; that the Lowell and Boston Street Railway Company is a street railway corporation which, at the date at which the

contract was made and the debt was incurred, and for some time thereafter, owned and operated a street railway between the town of Billerica and the city of Woburn; that the defendants were at the date at which the debt was incurred, and for a long time before and since have been, directors of the Lowell and Boston Street Railway Company; that the amount of capital stock of said street railway company, as fixed by its agreement of association, was $90,000; that the whole amount of the capital stock, as so originally fixed, was never actually paid in in cash as required by the provisions of R. L. c. 112, §§ 18, 19; and that no valid certificate has been filed by the directors of said street railway company to the effect that said capital stock has been paid in as required by said statutes; praying for process to attach the real estate of the defendants, for a decree requiring the defendants jointly and severally to satisfy the debt owed the plaintiff by the said street railway company with interest, and for further relief.

The defendants demurred to the bill and as causes of demurrer assigned the following:

First. Because the plaintiff has not stated in its bill such a cause of action as entitles it to any relief in equity against the defendants or any of them.

Second. Because the plaintiff has a full, complete and adequate remedy at law.

Third. Because it is not alleged in the bill, and nowhere appears therein, that the Lowell and Boston Street Railway Company has ever been duly adjudicated bankrupt, nor that a judgment has been recovered against it, and that it has neglected for thirty days after demand made on execution, to pay the amount due, with the officer's fees, or to exhibit to the officer real or personal property belonging to it and subject to be taken on execution sufficient to satisfy the same, or that any execution has been issued upon any judgment in favor of the plaintiff and returned unsatisfied.

Fourth. Because the bill does not set forth in detail such allegations as are necessary to enable the plaintiff to maintain its bill.

Fifth. Because, while it appears by the bill that the plaintiff relies upon the provisions of R. L. c. 112, § 18, as to the payment

in of capital stock, it is not alleged in the bill that any certificate of capital stock in said railway company has ever been issued.

Sixth. Because the validity or invalidity or the truth or falsity of the certificate filed by the directors of said railway company to the effect that said capital stock had been paid in as required by the statutes referred to in the bill cannot be tested in this proceeding.

In the Superior Court the case came on to be heard upon the bill and demurrer by *Fessenden*, J., who reported it for determination by this court. If the demurrer was sustained, the bill was to be dismissed ; if the demurrer was overruled, the defendants were to answer.

*F. H. Nash*, for the plaintiff.

*A. H. Russell*, for the defendants.

SHELDON, J. It was provided by R. L. c. 112, § 19, in force when this bill was brought, that " the directors of a street railway company shall be jointly and severally liable, to the extent of its capital stock, for all its debts and contracts until the whole amount of its capital stock as originally fixed by its agreement of association, or if a chartered company, by its directors, shall have been paid in, and a certificate stating the amount thereof so fixed and paid in shall have been signed and sworn to by its president, treasurer, clerk and a majority of its directors, and filed in the office of the secretary of the Commonwealth." These provisions are now contained in St. 1906, c. 463, Part III. § 29. The bill is brought under that statute to enforce the liability of the directors of the Lowell and Boston Street Railway Company, for debts alleged to have been incurred by that company.

It seems manifest to us that the remedy to enforce this liability must be in equity and not at law. The liability of the defendants is not for all the debts and contracts of the company, but only for those debts and contracts to the extent of its capital stock. The liability, being to this limited extent for all the debts and contracts of the company, is not to be enforced for the benefit of the creditor who may first seek to avail himself thereof, which might result in excluding other creditors by exhausting the fund, but must be made available for the benefit of all the creditors. *Harris* v. *First Parish in Dorchester*, 23

Pick. 112.    *Crease* v. *Babcock*, 10 Met. 525.    *Bell* v. *Spaulding*, 3 Allen, 485.    For the reasons stated in those opinions, it is only in equity that the rights of all parties can be protected and an adequate remedy given.    See to the same effect *Knowlton* v. *Ackley*, 8 Cush. 93, 97; *Kinsley* v. *Rice*, 10 Gray, 325; *Merchants' Bank* v. *Stevenson*, 10 Gray, 232; *Merchants' Bank* v. *Stevenson*, 5 Allen, 398, 400; *Commonwealth* v. *Cochituate Bank*, 3 Allen, 42, 44; *Pope* v. *Leonard*, 115 Mass. 286, 290.

The corporation is not a necessary party to the bill.    This statute creates a different liability from that imposed by R. L. c. 110, §§ 58 *et seq.*    By § 62 of that statute the corporation is made a necessary party to a bill brought to enforce that liability.    It is only for this reason that the corporation must be joined as a defendant.    *Barre National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563, 567, 568.    As was pointed out in that case, the right to proceed against the directors never belonged to the corporation and was no part of its assets.    So in *Clarke* v. *Warwick Cycle Manuf. Co.* 174 Mass. 434, 437; *Hancock National Bank* v. *Ellis*, 166 Mass. 414, 419; *Chamberlin* v. *Huguenot Manuf. Co.* 118 Mass. 532; *New Lamp Chimney Co.* v. *Ansonia Brass & Copper Co.* 91 U. S. 656, 666.    The provisions of St. 1903, c. 437, § 36, do not apply to this case for the same reasons, and for the further reason that by § 1 of that act street railway companies are excluded from its provisions.    Nor need the creditors exhaust their remedy against the corporation by taking out execution or otherwise, because the statute under which this bill is brought requires no such action.

The statute provides that the liability of the directors shall continue until the whole amount of the capital stock shall have been paid in and a certificate thereof shall have been signed and sworn to by the president, treasurer, clerk and a majority of the directors, and filed in the office of the secretary of the Commonwealth.    R. L. c. 112, § 19.    St. 1906, c. 463, Part III. § 29. The bill avers that the whole amount of the capital stock " was never actually paid in in cash," and " that no valid certificate has been filed by the directors of said street railway company to the effect that said capital stock has been paid in as required " by the statute.    The defendant contends that this is not an averment that no certificate has been filed, and that the validity

of the certificate is not to be inquired into in this proceeding, but that the statutory liability of the defendants ends as soon as a certificate shall have been filed, whether its statements are true or untrue.  *Stedman* v. *Eveleth,* 6 Met. 114, 120, 121. The liability considered in that case rested upon the stockholders until the capital stock should have been paid in and the officers of the corporation should have filed a certificate thereof; and it was held that the liability of the stockholders for subsequent debts of the corporation ceased upon the filing of the certificate. But the reasoning of the court in that case is inapplicable to the facts in the case at bar.    Here the liability is upon the directors; and it is upon them, acting by a majority of that body, as well as upon other officers, that the duty of signing, swearing to and filing the required certificate rests.    It would be strange if by their mere false statement under oath, whether made wilfully or carelessly, they could terminate the liability imposed upon them, especially as it ordinarily would be in their own power to prevent the incurring of the debts and the making of the contracts which create that liability.    Nor is it material whether the directors did or did not act in good faith in making the certificate.    It concerned a matter as to which they had full means of knowledge.    We cannot restrict their liability further than is done by the statute.    *Anthony & Scovill Co.* v. *Metropolitan Art Co.* 190 Mass. 35.

The formal objection that the bill avers that the capital stock has not been paid in " in cash," and that no valid certificate has been filed " by the directors," whereas the requirement of the statute is that it be filed by the president, treasurer, clerk and a majority of the directors, has not been argued and need not be considered.    Nor has it been argued that the bill should have averred that any certificate of capital stock had been issued, or that the proper defendants are not those who were the directors when the debt due to the plaintiff was incurred.    See *Holyoke Bank* v. *Burnham,* 11 Cush. 183 ; *Johnson* v. *Somerville Dyeing & Bleaching Co.* 15 Gray, 216.

*Demurrer overruled.*