[No. 36311.　　Department Two.　　January 3, 1963.]

B. F. SCHARF, *as Receiver, Appellant,* v. THELMER J. HARSTAD *et al., Respondents.**

*Reported in 377 P. (2d) 416.

*Croson, Johnson & Wheelon (Herman S. Siqueland,* of counsel), for appellant.

*Mifflin & Mifflin,* for respondents.

HUNTER, J.—This appeal resulted from the trial court granting a motion to dismiss the plaintiff's action for failure of the amended complaint to state a claim upon which relief may be granted.

The plaintiff (appellant), a court-appointed receiver of an insolvent corporation, brought this action against the defendants (respondents), the officers and directors of the corporation, pursuant to RCW 23.01.080, for incurring business debts without complying with subsection (c) thereof, which requires the filing of an affidavit with the County Auditor stating that the amount of capital stock with which the corporation will commence business is fully paid. RCW 23.01.080 provides:

"(1) A corporation formed under this chapter shall not incur any debts or begin the transaction of any business, except such as is incidental to its organization or to the obtaining of subscriptions to or the payment for its shares, until:

"(a) A triplicate original of the articles of incorporation has been filed in the office of the auditor as provided in RCW 23.01.050;

"(b) the amount of paid-in capital with which it will begin business, as stated in the articles of incorporation, has been fully paid; and

"(c) there has been filed in the office of the auditor of the county in which the corporation has its registered office an affidavit signed by at least a majority of the board of directors stating that the amount of paid-in capital with which it will commence business, as stated in the articles of incorporation, has been fully paid.

"(2) If a corporation has transacted any business in violation of this section, the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be filed at the time in the registered office of the corporation, or who, being absent, so filed their dissent upon learning of the action, shall be severally liable for the debts or liabilities of the corporation arising therefrom."

The plaintiff's challenged complaint, as amended, alleged:

"I.

"That the plaintiff is the duly appointed and qualified Receiver of Western Enterprises, Inc. which is a corporation organized under the laws of the State of Washington. That the plaintiff has been authorized in the receivership proceedings, which are King County Cause No. 565419, to institute this action.

". . .

"III.

"That on or about January 22, 1958, Thelmer J. Harstad, Earl E. Hendrickson and Ida Harstad caused to be formed a corporation known as Blue Ribbon Foods, Inc. That the name of said corporation was later changed to Western Enterprises, Inc. That on and after January 22, 1958, Blue Ribbon Foods, Inc., now Western Enterprises, Inc., purported to act as a corporation. That at no time from its creation to its termination by the institution of these receivership proceedings on April 4, 1961, did said corporation ever cause an affidavit of paid-in capital to be filed for said corporation.

"IV.

"That the officers and directors of Western Enterprises, Inc. from incorporation to about July 1, 1960 were Thelmer

J. Harstad, Earl E. Hendrickson and Edward J. Burke, and after July 1, 1960, were Earl E. Hendrickson and Edward J. Burke.

## "V.

"That on or about July 1, 1960, Western Enterprises, Inc. had incurred debt in the approximate sum of $88,000.00 and after July 1, 1960, incurred an additional debt of about $10,000.00.

## "VI.

"That the participation of the defendant husbands in the transaction of the business of Western Enterprises, Inc. as officers and directors consisted of the following: In the complete management and operation of the business conducted by Western Enterprises, Inc., including the buying, selling, banking, employment of personnel, execution of documents, supervision of personnel and all things normally done by the principal officers of a corporation in incurring debt, such as hiring personnel, ordering merchandise and operating a business and thereby incurring utility charges, rent payments and other normal operating expense. Each of the three defendants served with equal authority in these various connections.

"WHEREFORE, plaintiff prays for judgment against Thelmer J. Harstad and Ida Harstad, his wife, for all debts of Western Enterprises, Inc. incurred from January 22, 1958 until about July 1, 1960, and against the remaining defendants for all debts of Western Enterprises, Inc. incurred from January 22, 1958 until the appointment of the Receiver herein, together with his costs and disbursements herein to be taxed."

Following the filing of this complaint, defendants served a motion to strike the complaint or, in the alternative, to dismiss the action on the ground that the amended complaint failed to state a claim upon which relief could be granted. After a hearing, the trial court orally granted defendants' alternative motion and entered an order dismissing plaintiff's action with prejudice and awarding costs to defendants. The plaintiff appeals.

Plaintiff assigns error to the order granting this motion and to the dismissal of plaintiff's action with prejudice.

Plaintiff contends the trial court, in passing upon and

granting the motion, did not apply the proper test. The trial court held that the amended complaint did not state a claim because it failed to allege a causal relationship between the alleged debts and the defendants' conduct in failing to file the affidavit of paid-up capital stock of the corporation in contravention of RCW 23.01.080.

■ Under our new rules we no longer are concerned with whether a cause of action is stated but whether there is a statement of the claim showing that the pleader is entitled to relief. Rule of Pleading, Practice and Procedure 8(a)(1), RCW Vol. 0.

In *Sherwood v. Moxee School Dist.*, 58 Wn. (2d) 351, 363 P. (2d) 138 (1961), we adopted, as the test to be applied in passing upon this motion, the rule set out by the United States Supreme Court in *Conley v. Gibson*, 355 U. S. 41, 2 L. Ed. (2d) 80, 78 S. Ct. 99. The rule in appraising the sufficiency of the complaint is that it should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sherwood v. Moxee School Dist., supra.*

The defendants rely on *Royer v. Maib*, 6 Wn. (2d) 286, 107 P. (2d) 335; 111 P. (2d) 593 (1940). The question before the court in that case was,

" . . . whether, for the liability provided in this statute [RCW 23.01.080], an action at law can be maintained by one creditor against one of the directors who has been at fault."

In interpreting the liability provided in the statute, we said,

"It will be noted that the language of the statute, just quoted, provided that the officers and directors who do the things therein stated 'shall be severally liable for the debts or liabilities of the corporation arising therefrom.' It will further be noted that this section does not make such officers or directors liable for all the debts of the corporation, but only those arising from their dereliction. This being true, the statute creates a *limited liability,* and does not make the officers and directors liable for all the debts, but

only, as stated, those which arise on account of their fault."
*Royer v. Maib, supra* at 289 (Italics ours.)

We held that,

"The action to enforce this liability is equitable in character, in which all directors and creditors must be made parties, either plaintiffs or defendants, for the purpose of determining once and for all their rights and liabilities, and the receiver of a corporation is a proper party in order that the decree might make proper provision as to the *application of the corporation's assets." Royer v. Maib, supra,* at 292 (Italics ours.)

■ We agree with the defendants that our construction of the statute in *Royer v. Maib, supra,* is controlling. However, in applying the test of *Sherwood v. Moxee, supra,* for determining the sufficiency of a complaint, we believe it does not appear beyond doubt that the plaintiff cannot prove a set of facts which would entitle him relief to the extent of the limited liability of the officers and directors as we have stated in *Royer v. Maib, supra.* The trial court therefore erred in dismissing the plaintiff's complaint with prejudice on the grounds it failed to state a claim upon which relief may be granted.

As an alternative ground for sustaining the trial court, the defendants contend that, although the plaintiff alleged he was the *duly* authorized receiver of the corporation to proceed in this action, he, in fact, lacked authority to bring the action because he was merely a temporary receiver. They further contend the court had no authority to appoint any receiver other than a temporary receiver because King County Cause No. 565419 was, at most, a mortgage foreclosure action. They assert that, in such an action, a receiver pendente lite is a special receiver of particular property and not a general receiver and, further, that subsequent orders and amended oaths which purport to convert the temporary receiver into a liquidating receiver are ineffective.

■ In response to defendants' contentions, the plaintiff, in his reply brief, moved this court pursuant to Rule on Appeal 53(b), RCW Vol. 0 to strike all portions of the

supplemental transcripts which concern his authority and appointment as receiver. Plaintiff bases his motion on the ground the documents in the supplemental transcript, consisting of petitions and orders entered in the case of *Seattle Ass'n of Credit Men v. Western Enterprises, Inc.,* King County Cause No. 565419, which were never introduced in the instant case, are not properly before this court. We disagree. The plaintiff alleged in his complaint that he was duly authorized in King County Cause No. 565419 to institute this suit. We therefore take judicial notice of all petitions and orders entered in that cause. The documents and orders of that action are thereby properly before this court and the plaintiff's motion to strike the supplemental transcript is denied.

We will now consider the defendant's contentions regarding the authority of the court and the receiver. RCW 23-.01.540 states that,

"The court may, upon petition being filed, entertain proceedings for the involuntary dissolution of a corporation when it is made to appear

"(1) that the corporate assets are insufficient to pay all just demands for which the corporation is liable or to afford reasonable security to those who may deal with it; or . . ."

RCW 23.01.570 states that

"(1) The court may appoint a liquidating receiver or receivers

" . . .

"(c) Upon the filing of a petition for involuntary proceedings for dissolution, but only after process has issued against the corporation and any other defendants named in the petition and after the filing of answers admitting the allegations of the petition, or after proof of such allegations if the same are not admitted. . . ."

We find these procedures were followed in the instant case, giving the trial court authority to appoint a liquidating receiver.

The record discloses that, prior to the commencement of the action in the instant case, a petition was served and filed in King County Cause No. 565419 alleging insolvency

of the corporation and praying for the appointment of a permanent receiver to liquidate its assets; that an order to show cause why the petition should not be granted was issued; and that, after a hearing thereon, an order was entered on April 4, 1961, appointing plaintiff permanent receiver with instructions to take such actions as directed by the court. On May 14, 1961, the court entered an order directing the receiver to institute the instant action. On June 23, 1961, the original complaint in this action was filed.

As to defendants' contention that the amended oath of receiver entered March 29, 1962 and the order confirming the status of liquidating receiver entered June 6, 1961, both ex parte, could not convert the receiver's temporary status and authority to that of a permanent receiver, we refer to the order of April 4, 1961, appointing the receiver since the extent of the receiver's status and authority is controlled entirely by it. That order states:

"IT IS HEREBY ORDERED:

"1. That B. F. Sharf [sic] be and hereby is appointed *permanent* Receiver of Western Enterprises, Inc., a corporation, to take charge of the assets of Western Enterprises, Inc., receipt for same, and *take such action or actions as may be directed by this court for the protection and best interest of the creditors.*" (Italics ours.)

A permanent receiver having been appointed pursuant to the petition to liquidate the corporation, the inadvertent use of the word "temporary" in the subsequent oath did not affect his status of permanent receiver as determined in the order of April 4, 1961. The subsequent corrective or confirming orders only clarified the record.

We find the plaintiff had the status of permanent receiver and was duly authorized to bring the instant action.

The judgment of dismissal with prejudice is reversed, and the cause remanded with direction to the superior court to proceed in compliance with this opinion. Plaintiff is to be awarded taxable costs of this appeal.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.